IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. SMALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-364-RAW-KEW |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Cherokee County District Court Case No. CF-2007-321 for First Degree Murder. He raises two grounds for relief in the petition:

    I.    Oklahoma lacked jurisdiction, because Petitioner is a Cherokee Old Settler, also known as a Western Cherokee citizen of the Western Cherokee Nation of Indians, and the crime, which fell under the Major Crimes Act, occurred within the Cherokee Nation Reservation (Dkt. 1 at 5).

    II.    Ineffective assistance of counsel denied Petitioner a fair trial under the U.S. Constitution (Dkt. 1 at 7).

Respondent has moved for dismissal for lack of subject matter jurisdiction, alleging Petitioner has filed an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b), and the Court should not consider a transfer to the Tenth Circuit Court of Appeals for authorization. (Dkt. 8; Dkt. 9 at 2-5). Respondent further asserts the petition is time-

barred (Dkt. 9 at 5-11) and unexhausted (Dkt. 9 At 11-12). Petitioner has filed a response to the motion to dismiss (Dkt. 10).

> Section 2244(b) states:
>
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> . . .

28 U.S.C.A. § 2244(b).

The record shows that Petitioner was convicted in Case No. CF-2007-321 and sentenced to life imprisonment (Dkt. 9-1). The Oklahoma Court of Criminal Appeals affirmed on August 26, 2015, in Case No. F-2013-997. *See* Oklahoma State Court Records (OSCN) at https:\\www.oscn.net.[1]  His original federal habeas corpus petition, which was filed in 2016, was denied on by this Court on September 30, 2019, in Case No. CIV 16-360-RAW-KEW (Dkt. 9-1). Judgment was entered on that same date (Dkt. 9-2), and Petitioner did not file an appeal to the Tenth Circuit Court of Appeals.

Petitioner's two grounds for relief in the present habeas petition both appear to rely on the United States Supreme Court opinion in *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020). He did not present an Indian Country claim attacking the state's prosecutorial authority in his first habeas corpus petition. Therefore, his claims must be dismissed unless he makes a prima facie showing that he satisfies the criteria set forth in 28 U.S.C. § 2244(b)(2) to warrant transfer to the Tenth Circuit for consideration of authorization to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(C). As discussed below, the Court finds Petitioner has failed to make this showing; in fact, he does not even acknowledge his 2016 petition that was dismissed in 2019.

Furthermore, Petitioner has failed to show that the factual basis for his jurisdictional claim was undiscoverable by the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D).

---

[1] The Court takes judicial notice of the public records of the OSCN. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

He clearly is aware of the location of his crime, however, he makes no effort to explain how or when he became aware of the facts supporting his claim that the crime scene was located in Indian Country. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (Petitioner Preston clearly was aware of the factual basis of his claim years before he filed his habeas petition, and thus nothing in the new cases he relied upon "alerted Preston to any *factual* basis for his claim" such that § 2244(d)(1)(D) applied) (emphasis in original). The mere fact that Petitioner raises a claim regarding the State's prosecutorial authority in his second or successive petition does not exempt the petition from the requirements set forth in 28 U.S.C. § 2244(b). *See Dopp v. Martin*, No. 18-CV-152-CVE-FHM, 2018 WL 2750228, *2 (N.D. Okla. Jun. 7, 2018) (unpublished) (in the context of a second or successive habeas petition, § 2244(d)(1)(D) was not applicable because the petitioner knew his house was located within the Seneca-Cuyoga tribal lands and his claims stemmed from the results of a search warrant executed at that house, and his cited case law existed at the time of his trial and may have supported his claims; his lack of understanding of the legal significance of the cited authority to his facts did not negate that he was aware of the factual predicate of his claims). *See also Hunter v. Pettigrew*, No. 20-CV-0367-TCK-JFJ, 2021 WL 1873460, *3 (N.D. Okla. Apr. 2, 2021) (unpublished) (rejecting a second or successive habeas petition alleging the State of Oklahoma lacked prosecutorial authority in light of *McGirt*, "[b]ecause Hunter did not obtain the requisite permission to file a second § 2254 petition challenging the judgment and sentence entered against him in [the state district court]," resulting in "an unauthorized

second § 2254 habeas petition that must be dismissed . . . for lack of jurisdiction"). In fact, Petitioner's second proposition, alleging ineffective assistance of trial counsel, based upon the fact that "[c]ounsel did not use the law 18 U.S.C. § 1152 [Laws governing Indian country] or 18 U.S.C. § 1153 [Offenses committed within Indian country]" (Dkt. 1 at 7) is a tacit admission that Petitioner previously could have formulated and raised this issue in his prior habeas corpus petition.

The Tenth Circuit Court of Appeals has denied authorization to file a second or successive habeas application based on similar jurisdictional claims in at least two recent unpublished orders. The Tenth Circuit considered a similar issue in an unpublished order issued in *In re Davis*, No. 21-7030 (10th Cir. July 6, 2021) (Dkt. 9-3). In that case, the Tenth Circuit considered a habeas petitioner's request for authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)(A), to raise an Indian Country claim based on *McGirt*. The Tenth Circuit rejected the petitioner's argument and reasoned, "We may grant authorization if Mr. Davis shows that his 'claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2244(b)(2)(A). He has not made this showing." *Id.* at 2. *See also In re Morgan*, No. 20-6123, at 4 (10th Cir. Sept. 18, 2020) (Dkt. 9-4) (same; second or successive petition based upon *McGirt* was unauthorized where "the Supreme Court has not held that *McGirt* is retroactive").

It is Petitioner's burden to demonstrate that he satisfies the criteria for filing a second

or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). The present petition is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). His failure to obtain authorization is undisputed, leaving only the question of whether to dismiss the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

Respondent argues that because Petitioner's second or successive petition is time-barred under 28 U.S.C. § 2244(d)(1), a transfer is not warranted. Petitioner's judgment and sentence was affirmed on August 26, 2015, therefore, his conviction became final 90 days later on November 24, 2015 (Dkt. 9-5). His limitation period began the next day on November 25, 2015, and he had until November 25, 2016, to file his habeas corpus petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

Petitioner did not file any applications for post-conviction relief during his statutory year (Dkt. 9-6). Also, his previous habeas corpus petition in Case No. CIV 16-360-RAW-

KEW had no tolling effect on the statute of limitation. *See Duncan v. Walker*, 533 U.S. 167, 172-173 (2001) (holding that a federal habeas corpus petition does not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)).

In addition, Petitioner cannot demonstrate that he is entitled to equitable tolling to overcome the statute of limitations. He carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to equitable tolling.

Further, Petitioner has also not demonstrated that he would be entitled to equitable tolling through a claim of actual innocence. *Larson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). A petitioner's claims of innocence must amount to a "colorable" showing of actual, factual innocence. *Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997). *See also McQuiggin v. Perkins*, 569 U.S. 383, 386-387 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). As demonstrated above, Petitioner's entire argument is that the State lacked prosecutorial authority over him because he is an Indian and his crime occurred in Indian Country, which is, at most, a claim of legal innocence and not a claim of actual, factual innocence within the meaning of *Demarest*. Thus, Petitioner is not entitled to equitable tolling based upon a claim of actual innocence.

Finally, Petitioner's habeas petition also is unexhausted, and the state does not waive the requirement of total exhaustion under 28 U.S.C. § 2254(b)(1)(A). Petitioner has essentially admitted that he has not exhausted his claims, erroneously arguing that the state lacks any corrective process (Dkt. 1 at 5). On September 16, 2019, Petitioner filed a post-conviction application in the state district court on this issue (Dkt. 9-7), and on October 4, 2019, the application was denied as premature (Dkt. 9-8). The state district court's order expressly invited Petitioner to file a new post-conviction application if the U.S. Supreme Court issued a mandate affirming the Tenth Circuit's decision in *Murphy v. Sharp*, __ U.S. __, 140 S.Ct. 2412 (2020). *Id.* at 1. Petitioner has taken no further action in the district court, and he has not raised this claim in a post-conviction appeal to the Oklahoma Court of Criminal Appeals. Because Petitioner has not yet presented the claims he now raises to the highest State court, his habeas petition is entirely unexhausted. *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.").

After careful review, Court finds his present petition is untimely, and transferring it would be a waste of judicial resources. Thus, Respondent's motion to dismiss the petition for lack of subject matter jurisdiction (Dkt. 8) is GRANTED.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not

shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY:**

1. Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED.

2. All remaining pending motions are DENIED AS MOOT.

3. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 22nd day of August 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma