IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. SMALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-364-RAW-KEW |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On December 8, 2021, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), raising two claims:

> I.  Oklahoma lacked jurisdiction, because Petitioner is a Cherokee Old Settler, also known as a Western Cherokee citizen of the Western Cherokee Nation of Indians, and the crime, which fell under the Major Crimes Act, occurred within the Cherokee Nation Reservation. *Id*. at 5.
>
> II.  Ineffective assistance of counsel denied Petitioner a fair trial under the U.S. Constitution. *Id.* at 7.

On August 22, 2022, the Court entered an Opinion and Order granting Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus for lack of subject-matter jurisdiction (Dkts. 8, 21). Judgment was entered on that same date (Dkt. 22). In denying the petition, the Court found it was second and successive, time barred, and unexhausted (Dkt. 21 at 6-8). Petitioner filed a notice of appeal on September 8, 2022 (Dkt. 24), and he subsequently filed three motions:

> (1)  "Motion 60(b)(4), filed on October 13, 2022 (Dkt. 30);
>
> (2)  "Motion for Relief from Void Judgment Federal Rules Procedure 52, 52(b),

      59, 60(b) 28 U.S.C.A.," filed on October 13, 2022 (Dkt. 31); and

(3)    Motion for Summary Disposition, filed on November 14, 2022 (Dkt. 36).

**Motion 60(b)(4) (Dkt. 30)**

Petitioner's "Motion 60(b)(4)" raises the following claims:[1]

For State Court's Violation of *Brady v. Maryland*, 373 U.S. 83 (1963); State's Failure to Disclose Lack of Legal Licence, Of Judge, Prosecutor, Defense Attorney's, For Indian Country Jurisdiction: and "ANY" Jurisdiction in U.S. For Due Process; 4th 5th. 6th, 14th Amendments; Rule 59(e), Actual Innocence Gateway Exception, Any Federal, State, Municipe, or Tribal Jurisdiction "MUST," (1st) provide to the defendant the right to "Effective" assistance of counsel at "Least Equal" to that guaranteed by the United States Constitution; (2nd) At the expense of the government claiming Jurisdiction, provide an indigent defendant the assistance of a defense Attorney "{Licensed}" to Practice "Law by "{ANY}" Jurisdiction in the "United States," that applies appropriate professional Licensing standards and effectively ensures the "{Competence}" and proffessional responsibility of it's "{licenced attorneys;}" (3rd) "{Require that the Judge}" presiding over the criminal proceedings--(A) Has sufficient Legal training to preside over criminal proceedings; (B) Is "{Licensed}" to practice Law by "{ANY}" Jurisdiction in the United States. . . .

(Dkt. 29 at 1-2) (spelling, punctuation, and syntax in original).

Petitioner also mentions the alleged history of prosecutions of major crimes committed by Indians on Indian allotments and complains about state-court trial attorneys and judges who practice in the Indian Nation. *Id*. at 2-4.

The motion is repetitive and unclear. The Court, however, construes it as an argument

---

[1] Rule 60(b)(4) of the Federal Rules of Civil Procedure states that "[O]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: the judgment is void."

that his trial attorney and trial judge were not licensed to practice law in Indian Country.[2] He apparently is alleging this situation resulted in his actual innocence and excused the state procedural bar to an ineffective assistance of counsel claim under *Brady*. *Id.* at 5.[3] Petitioner argues that the fact that the attorneys involved in his prosecution were not licensed to practice in Indian Country "would have been '{Exculpatory}' evidence for the favorability of the accused to obtain a Fair Trial . . . . That evidence must be, or have been, suppressed by the state, either willfully or inadvertently . . . ." *Id.* at 6.

Petitioner's habeas corpus petition raised a claim that he was entitled to relief under *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020), because he is an Indian, his crimes occurred in the Canadian District of the Cherokee Nation Reservation of the 1846 Treaty, and he received ineffective assistance of counsel. (Dkt. 1 at 4-5). He also asserted he was unable to prove his innocence at trial because of his attorney's errors, but he does not allege a separate claim of actual innocence.

Because Petitioner filed his Rule 60(b)(4) motion in the context of a habeas proceeding, the Court must determine whether the Rule 60(b)(4) motion is a "true" Rule 60(b) motion, or it instead should be treated as a second or successive habeas corpus petition.

---

[2] Petitioner has submitted no authority concerning whether Oklahoma attorneys can be "licensed" to practice in state district courts within Indian Country.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963), held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. That is not the situation in this case, so *Brady* is inapplicable.

*See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." 464 F.3d at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id*. at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id*. at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216.

Here, the Court finds Petitioner is attempting to add a new, unexhausted claim regarding his allegation that the attorneys and judge associated with his conviction were not "licensed" to practice law in Indian Country. Therefore, it should be treated as a second or successive habeas petition.

> If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer

4

>of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

*Spitznas v. Boone*, 464 F.3d at 1217.

As stated above, this Court previously found that Petitioner's habeas petition is second or successive, untimely, and unexhausted. Therefore, Petitioner's proposed new claim related to attorneys practicing law in Indian Country courts also has these defects. Because this petition is an untimely, unexhausted, second or successive habeas petition, it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims. This Court should instead exercise its discretion to deny the petition. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *See also Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). Therefore, Petitioner's "Motion 60(b)(4)" (Dkt. 30) is DENIED.

**Motion for Relief from Void Judgment Federal Rules Procedure 52, 52(b), 59, 60(b) 28 U.S.C.A. (Dkt. 31)**

Petitioner's "motion for relief from void judgment," claims his "void" sentence and conviction should be "dismissed[,] vacated and expunged." (Dkt. 31 at 1). He claims "the *McGirt* ruling is standing on a firm foundation of retroactivity and [his] conviction is void

from the beginning." *Id*. at 2.  He further maintains he must be released immediately.  *Id.* Petitioner again cites Fed. R. Civ. P. 60(b)(4), which concerns "void" judgments.  *See* n. 1.

As set forth in this Court's Opinion and Order entered on August 22, 2022, this Court lacks subject-matter jurisdiction to hear Petitioner's second or successive petition for a writ of habeas corpus.  (Dkt. 21).  Further, the petition is barred by the statute of limitations and unexhausted.  *Id.*

Petitioner's conviction was final before *McGirt* was decided.  The Oklahoma Court of Criminal Appeals has determined that "*McGirt* and our post-*McGirt* decisions recognizing [the Cherokee, Choctaw, and Chickasaw Reservations] shall not apply retroactively to void a conviction that was final when *McGirt* was decided."  *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, __ U.S. __, 142 S. Ct. 757 (2022).  Because Petitioner's conviction is not void, his request for relief under Rule 60(b)(4) cannot be granted.

Further, Petitioner's cannot receive relief under Fed. R. Civ. P. 52 or Fed. R. Civ. P. 59. Rule 52 concerns findings and conclusions of the court and judgment on partial findings. There is, however, no need for separate findings by this Court.  Further, Rule 59(e) motions must be filed "no later than 28 days after the entry of judgment."  *Id.  See also Banister v. Davis*, __ U.S. __, 140 S. Ct. 1698, 1703 (2020).  Petitioner's Rule 59(e) motion was untimely, having been filed on October 13, 2022, more than 28 days after the Court granted Respondent's motion to dismiss Petitioner's habeas petition and entered judgment on August

22, 2022. Therefore, Petitioner's Motion for Relief from Void Judgment Federal Rules Procedure 52, 52(b), 59, 60(b) . . . . (Dkt. 31) is DENIED.

**Motion for Summary Disposition (Dkt. 36)**

Finally, Petitioner's motion for summary disposition of his pending motions (Dkt. 36), is DENIED as moot. The referenced pending motions (Dkts. 30 and 31) are denied in this Opinion and Order.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Here, the Court finds that no reasonable jurist would debate that Petitioner's Rule 60(b)(4) motions are, in part, unauthorized second or successive Section 2254 petitions. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The Court declines to issue a certificate of appealability.

**ACCORDINGLY,** Petitioner's Motion 60(b)(4) (Dkt. 30) and his Motion for Relief from Void Judgment (Dkt. 31) are DENIED, and his Motion for Summary Disposition (Dkt. 36) is DENIED AS MOOT. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 3rd day of April, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA