# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT L. SMALLEN,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 21-364-RAW-DES |
| **SCOTT NUNN, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

On December 8, 2021, Petitioner filed a second or successive petition for a writ of habeas corpus in this case pursuant to 28 U.S.C. § 2254.[1] The petition, challenging Petitioner's conviction in Cherokee County District Court Case No. CF-2007-321, raised two claims:

> I. Oklahoma lacked jurisdiction, because Petitioner is a Cherokee Old Settler, also known as a Western Cherokee citizen of the Western Cherokee Nation of Indians, and the crime, which fell under the Major Crimes Act, occurred within the Cherokee Nation Reservation. (Dkt. 1 at 5).
>
> II. Ineffective assistance of counsel denied Petitioner a fair trial under the U.S. Constitution. (Dkt. 1 at 7).

On August 22, 2022, the unauthorized second or successive petition was dismissed for lack of subject matter jurisdiction. (Dkt. 21). On that same date, a certificate of appealability was denied, and judgment was entered. (Dkts. 21, 22).

In October-November 2022, Petitioner filed three motions: (1) a motion pursuant to Rule 60(b)(4) (Dkt. 30), (2) a motion for relief from void judgment (Dkt. 31), and (3) a motion for summary disposition (Dkt. 36), all of which were denied as an unauthorized second or successive petitions on April 3, 2023. (Dkt. 38). On May 30, 2023, the Tenth Circuit Court of Appeals denied

---

[1] Petitioner's first § 2254 petition for this conviction was in this Court's Case No. CIV 16-360-RAW-KEW, which was denied on September 30, 2019. (Dkt. 9-1).

Petitioner a certificate of appealability and dismissed his appeal in Case No. 22-7042. (Dkt. 39). Currently before the Court are (1) Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) or for clarification, filed on September 1, 2023 (Dkt. 40), and (2) his motion filed on November 8, 2023 (Dkt. 41).

**Motion Pursuant to Fed. R. Civ. P. 59(e) or for Clarification (Dkt. 40)**

Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) or for clarification alleges that a habeas corpus petition that raises a claim that was not ripe when the petitioner's initial petition was filed is not second or successive. (Dkt. 40 at 1). He alleges "the State unlawfully failed to disclose evidence favorable to the defense, and the Petitioner was not aware of that evidence until after the first-in-time petition." *Id*. He further claims to have "recently received new and exculpatory evidence that the state Prosecution withheld, of an eyewitness to the shooting, the United States N.S.A.T. has photos of the shooter." *Id.*

Without citation, Petitioner asserts the Tenth Circuit held that his § 2254 habeas petition contained "inferences" of the lower court's lack of jurisdiction. *Id*. at 2. He, therefore, argues that a writ of prohibition against the Oklahoma courts should be issued to prevent "further usurpations of the Federal authority by the Oklahoma state courts." *Id.*

Petitioner also claims the "Oklahoma Courts 'Lacked' Jurisdiction to convict Indians of crimes committed in Indian Country." *Id.* In support of his claims, he has attached copies of pages from the habeas statute and court opinions, with circled portions concerning Fed. R. Civ. P. 60(b), the statute of limitations, and exhaustion of state remedies. (Dkt. 40 at 5-8).

Although Petitioner filed this motion pursuant to Fed. R. Civ. P. 59(e), that statute requires that a motion to alter or amend a judgment be filed no later than 28 days after the entry of judgment.

In this case, the judgment was entered on August 22, 2022. (Dkt. 22). Petitioner's motion (Dkt. 40), filed on September 1, 2023, was untimely. Therefore the motion is construed as arising under Fed. R. Civ. P. 60(b).

Petitioner mentions Rule 60(b)(4), which states that "the judgment is void," however, he has presented no evidence to support such a claim. To the extent Petitioner is asserting that there is "newly discovered evidence," in the form of the alleged eyewitness to the shooting, he has provided no information about this alleged evidence. Even if he had provided a better explanation of the alleged newly-discovered evidence, this claim is unexhausted.

**Motion filed November 8, 2023 (Dkt. 41)**

Petitioner's November 8, 2023, motion lists statutes, along with Rule 60(b)(4) at the beginning of the document.[2] (Dkt. 41 at 1). The motion then states, "First ground in the habeas corpus form, i.e. Oklahoma State court'[s]' Lacked Jurisdiction, this court erred in not sua sponte issuing a writ of prohibition." *Id*. At the end of the document he has attached two pages from another case that are marked with unexplained circling of the text. (Dkt. 41 at 4-5).

Under Rule 60(b)(4), he "challenges This court's denial for procedural bar, or the Statute of Limitations of 28 U.S.C.S. A.E.D.P.A., because Petitioner could not exhaust '[ANY]' unlawful and non-existent state remedies of 28 U.S.C.S. § 2254(a)(b)(1)(A)(B)(i)(ii), (There is an absence of available state corrective process) . . . ." *Id*. at 1-2.

---

[2] The rule and statutes allegedly concern a writ of prohibition--habeas, void convictions or judgment, objection to the magistrate judge, non-finality for one-year statute, absence of corrective process, contrary to and unreasonable application, burden of rebuttal, error court--federal court's failure of prohibition, and federal court's non-determination of merits on prior application. (Dkt. 41 at 1) (citing 28 U.S.C. § 1651, Fed. R. Civ. P. 60(b), 28 U.S.C. § 636, 29 U.S.C. § 2244, and 28 U.S.C. § 2254).

Petitioner's motion is unclear and confusing. He apparently is arguing that this Court must hear his jurisdictional claims on the merits, because his crime involved an Indian in Indian Country.

**Rule 60(b) of the Federal Rules of Civil Procedure**

Because Petitioner filed his two Rule 60(b) motions in the context of a habeas proceeding, the Court must determine whether each motion is a "true" Rule 60(b) motion, or it instead should be treated as a second or successive habeas corpus petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id.* at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id.* at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216. Here, Petitioner has reiterated his previously denied claims concerning the state court's jurisdiction and ineffective assistance of counsel, *see* Dkt. 39 at 2, and raised a new claim that there was a witness to his crime. The Court therefore finds the two Rule 60(b) motions are unauthorized successive petitions under 28 U.S.C. § 2244(b).

4

> If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

*Spitznas*, 464 F.3d at 1217.

Because Petitioner's Rule 60(b) motions are untimely,[3] unexhausted, and successive, the Court finds it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). This Court should instead exercise its discretion to deny successive petitions. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Petitioner's motions pursuant to Rule 60(b), construed as successive habeas corpus petitions (Dkts. 40, 41), are DENIED.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Here, the Court finds that no reasonable jurist would debate that Petitioner's Rule 60(b)(4) motions are unauthorized second or successive Section 2254 petitions. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability.

---

[3] Petitioner's prior petitions in this case were untimely, *see* Dkts. 21, 38, therefore, his most recent successive petitions also are untimely.

**ACCORDINGLY,** Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) or for clarification (Dkt. 40) and his motion filed on November 8, 2023 (Dkt. 41) are DENIED as unauthorized, successive petitions for a writ of habeas corpus.  Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 8th day of April 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE